**David L. SHARP, Plaintiff–Appellant,**

v.

**HAIGHT, BROWN & BONESTEEL; Gary C. Ottoson; William J. Sayers; Steven E. Moyer; Lori R. Behar; Bank of America, NT & SA; Craig Fallenberg; Ben Ortiz; Golden Eagle Insurance Company, Defendants–Appellees.**

No. 00–55325.

D.C. No. CV–98–06225–CAS.

United States Court of Appeals, Ninth Circuit.

---

Submitted June 5, 2001.[*]
Decided July 12, 2001.

Before KOZINSKI and THOMAS, Circuit Judges, and COLLINS,[**] District Judge.

MEMORANDUM [***]

David Sharp appeals the district court's summary judgment for the defendants on his conversion, invasion of privacy and

RICO claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, see *Botosan v. Paul McNally Realty*, 216 F.3d 827, 830 (9th Cir.2000), the district court's exclusion of evidence, in the context of summary judgment, for an abuse of discretion, see *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1227 (9th Cir. 1998), and the district court's discovery rulings for an abuse of discretion, see *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir.1999). We affirm.

Sharp primarily argues that the district court abused its discretion in not considering portions of the evidence he submitted in opposition to the defendants' motion for summary judgment because if found the evidence inadmissible. The district court did not abuse its discretion in applying the Federal Rules of Evidence to the proffered evidence and concluding that portions of it were inadmissible. See Fed.R.Civ.P. 56(e); *Beyene v. Coleman Sec. Services, Inc.*, 854 F.2d 1179, 1181–82 (9th Cir.1988). Viewed in the light most favorable to Sharp, the remaining admissible evidence failed to create a genuine issue of material fact as to any of his claims. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Sharp's contention that the district court abused its discretion in permitting motions for summary judgment addressing both liability and damages is without merit because the first phase of discovery encompassed both issues with respect to Sharp individually. Finally, the district court did not abuse its discretion in not formally ruling on Sharp's motion for sanctions be-

---

[*] The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App.P. 34(a)(2).

[**] Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

cause he was given ample opportunity to request any additional discovery he needed to oppose the motions for summary judgment. *See* Fed.R.Civ.P. 56(f). In addition, the district court's summary judgment order was inconsistent with Sharp's motion for sanctions, and therefore it constituted the district court's implied denial of the motion. *See Western Shoshone Nat. Council v. Molini,* 951 F.2d 200, 204 (9th Cir.1991). Accordingly, the district court properly granted summary judgment in favor of the defendants.

AFFIRMED.

---

* Although oral argument was scheduled, counsel for the petitioner did not appear and the case was submitted on the briefs.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.